UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KWAKU O. KUSHINDANA                     CIVIL ACTION

VERSUS                                  NUMBER 10-297-FJP-DLD

BLUE CENTER, INC., D/B/A
"HASSLEFREECELL" &
"HASSLEFREERETURNS"

## MAGISTRATE JUDGE'S REPORT

Plaintiff, appearing *pro se*, brings this action against defendant Blue Center, Inc. d/b/a Hasslefreecell d/b/a Hasslefreereturns (rec. doc. 1). The court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, and now reviews the claims brought by plaintiff in his original and amended complaints (rec. doc. 3).

### Law on Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the claim is between citizens of different states. 28 U.S.C. §1332. The amount in controversy is determined by the allegations in the complaint. *St. Paul Mercury Indem. Co. V. Red. Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The party invoking the court's jurisdiction bears the burden of "alleg(ing) with sufficient particularity the facts creating jurisdiction" and of "support(ing) the allegation" if challenged. *Diefenthal v. C.A.B.*, 681 F.2d 1039 (5th Cir. 1982), citing *St. Paul Mercury Indem. Co*, at 287, n. 10.

Conclusory allegations are insufficient to establish jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). At any stage of the litigation, even after trial and the entry of judgment, the court may *sua sponte* inquire into the court's subject matter jurisdiction over a matter. *Arbaugh v. Y & H Corporation d/b/a The Moonlight Café*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Fed. Rule Civ. P. 12(b)(1). Rule 12(h)(3) instructs that "[i]f the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Additionally, pursuant to 28 U.S.C. §1915(e), this Court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See G*reen v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). Courts have dismissed *pro se* complaints pursuant to 28 U.S.C. §1915(e) for a lack of subject matter jurisdiction. See *Smith v. Parsons*, 2009 WL 3052631 (E.D.N.Y. 2009); *Webb v. St. Johns Bank & Trust Co.*, 2007 WL 2304088 (E.D. Mo. 2007). A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, supra.

Thus, the court reviews plaintiff's complaint pursuant to its authority under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §1915.

**Discussion**

On April 30, 2010, plaintiff brought suit against defendant alleging that although he returned his Palm Treo 750 "Smartphone" to defendant Blue Center, Inc. pursuant to

defendant's return policy, he never received a replacement smartphone for the one he returned (rec. docs. 1 and 6).  Plaintiff alleges that he received confirmation from the United States Postal Service that the phone had been delivered to defendant; however, when plaintiff called defendant to check on the phone, the status of his replacement phone, and the transfer of information from the old phone to the replacement phone, he was informed that the "phone had not been received." Id. Thereafter, plaintiff placed 176 calls to defendant regarding his Smartphone.  Plaintiff asserts claims under state law for unfair trade practices, breach of contract, redhibition, detrimental reliance, and unjust enrichment, and seeks damages for the loss of his Palm Treo 750 "Smartphone," the loss of the "Irreplaceable Names, Telephone Numbers (with International Country Codes, SIP Codes & Area Codes), E-mail Addresses, Fax Numbers, Spouse Information, Company Names, Business Notes, Calendar Entries, Company Names and Birthdates," mental anguish and humiliation in the amount of $137,824.91,[1] plus legal interest. Id.

     A review of plaintiff's original complaint caused the court to question whether it had subject matter jurisdiction over plaintiff's suit and, specifically, whether plaintiff's claims satisfied the $75,000 amount in controversy requirement.  On May 11, 2010, the court ordered plaintiff to file an amended complaint setting forth facts sufficient to establish that his claims satisfy the $75,000 jurisdictional minium for diversity jurisdiction.

     On June 7, 2010, plaintiff filed an amended complaint that contained additional facts, a statement that "[t]he amount in controversy herein is in excess of $75,000 exclusive of

---

[1] Plaintiff's original complaint sought damages in the amount of $76,400.00, plus interest (rec. doc. 1).

interest and costs," and an amended prayer for relief, seeking $137,824.91 in damages (rec. doc. 6).

Plaintiff asserts only conclusory allegations in support of his demand for $137,824.91 and fails to allege facts to support his claim for damages in this amount. Plaintiff alleges that the information in the phone "is the most significant loss, far superseding the, though quite expensive, costs of the actual physical phone" (rec. doc. 6). Plaintiff, however, fails to set forth facts that would explain why the specific data in his phone is so valuable. For example, plaintiff does not identify his line of work or explain how the data is so important to his business; plaintiff does not explain the efforts taken to compile the data, allege that the compilation of data has independent value, i.e., a company "trade secret," or explain why the information is not publicly available and able to be recreated relatively inexpensively. The court acknowledges that the loss of plaintiff's phone and the loss of the information in the phone have value, but plaintiff has failed to allege specific facts to show that more likely than not these items have a value greater than the $75,000 jurisdictional minimum. That plaintiff has failed to allege facts sufficient to support jurisdiction in federal court does not impact his right to bring suit in state court.

Thus, the court finds that even after granting plaintiff leave to amend his complaint, plaintiff's conclusory allegations that his claim exceeds the $75,000 amount in controversy and request for damages in the amount of $137,824.91 are insufficient to establish that this court has subject matter jurisdiction over plaintiff's claims. Accordingly, the court recommends that plaintiff's suit should be dismissed, without prejudice, pursuant to 28


U.S.C. §1915 and Fed. R. Civ. P. 12(h)(3).

**IT IS RECOMMENDED** that this court does not have subject matter jurisdiction over plaintiff's claims as they do not satisfy the amount in controversy requirement of 28 U.S.C. §1332; therefore, plaintiff's suit should be **DISMISSED, WITHOUT PREJUDICE**, pursuant to 28 U.S.C. §1915 and Fed. R. Civ. P. 12 (h)(3).

Signed in Baton Rouge, Louisiana, on June 17, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KWAKU O. KUSHINDANA | CIVIL ACTION |
| VERSUS | NUMBER 10-297-FJP-DLD |
| BLUE CENTER, INC. D/B/A "HASSLEFREECELL" & "HASSLEFREERETURNS" | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 17, 2010.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**